UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHANNON BONER, DAVID PATTON )<br>and WESLEY MARSHALL, individually, and on )<br>behalf of all others similarly situated, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>DOJI, INC., d/b/a DEMOS' STEAK & )<br>SPAGHETTI HOUSE, and PETER DEMOS, )<br>)<br>Defendants. ) | No. _____<br><br><br>Collective and Class Action<br>Jury Demand |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Shannon Bonner, David Patton, and Wesley Marshall (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, file this Complaint against Defendant DOJI, Inc., d/b/a Demos' Steak & Spaghetti House, and Defendant Peter Demos (collectively "Defendants"), pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"") and Tennessee common law, and state their cause of action as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1357 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

3. Venue is proper in the Middle District of Tennessee, pursuant to 28 U.S.C. Section 1391(b) and (c) because a substantial majority of the events giving rise to Plaintiffs' claims occurred

in this judicial district.

## PARTIES

4. Individual and representative Plaintiff Shannon Boner ("Boner") is and was at all times mentioned herein an individual who resides in the Middle District of Tennessee.

5. Individual and representative Plaintiff David Patton ("Patton") is and was at all times mentioned herein an individual who resides in the Middle District of Tennessee.

6. Individual and representative Plaintiff Wesley Marshall ("Marshall") is and was at all times mentioned herein an individual who resides in the Middle District of Tennessee.

7. Defendant DOJI, Inc., d/b/a Demos' Steak & Spaghetti House ("Demos'") is a domestic corporation incorporated under the laws of Tennessee and authorized to do business in Tennessee. Its registered agent for service of process is Felica K. Demos, 1119 NW Broad St., Murfreesboro, TN 37129.

8. Defendant Peter Demos was and is a corporate office and shareholder of DOJI, Inc. and has operational control over the company while Plaintiffs worked for Defendants.

9. At all times material to this action, Defendant Demos' was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

10. At all times material to this action, Defendant Peter Demos was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

11. Plaintiff Boner and Marshall were employed by Defendants within the last three years at Defendants' downtown Nashville, Tennessee restaurant.

12. Plaintiff Patton was employed by Defendants within the last three years at

Defendants' Hendersonville, Tennessee restaurant.

13. While Plaintiffs worked at Defendants' restaurants, Demos' was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

14. While Plaintiffs worked at Defendants' restaurants, Defendant Peter Demos was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

15. While Plaintiffs worked at Demos' restaurants, Plaintiffs and all others similarly situated individuals were "employees" of Demos' as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

16. While Plaintiffs worked for Defendant Peter Demos, Plaintiffs and all others similarly situated individuals were "employees" of Defendant Peter Demos as defined by Section 203(e)(1) of the FLSA, and worked for Defendant Peter Demos within the territory of the United States within three years preceding the filing of this lawsuit.

17. The minimum wage provisions of the FLSA set forth in Section 206 applies to Defendants.

18. The overtime wage provisions of the FLSA set forth in Section 207 applies to Defendants.

## **FACTS**

19. While Plaintiffs were employed by Defendants, Plaintiffs regularly held the position of "server," which included the duties of taking food and drink orders for Defendants' customers, cleaning the restaurant, and performing side work, including rolling silverware.

20. During the relevant time period, Defendants did not allow Plaintiffs to record all hours worked in some workweeks.

3

21. During the relevant time period, Defendants altered Plaintiffs time records to record less time than Plaintiffs actually worked in some workweeks.

22. Defendants maintained a uniform policy at all of its restaurants that if an employee did not clock out at the end of a shift then the employee's time records for that shift was either manually or automatically altered back to one minute, and Defendants did not credit Plaintiffs with all time worked if the failure to clock out policy was applied to Plaintiffs.

23. Defendants regularly failed to credit Plaintiffs for all time worked in some workweeks.

24. Defendants did not pay Plaintiffs minimum wage for all hours worked in some workweeks.

25. Defendants did not pay Plaintiffs the overtime premium for all hours worked over 40 in some workweeks.

26. While working as servers, Defendants promised Plaintiffs they would be paid the tip rate of $2.13 per hour, and took a tip credit of $5.12 per hour from tips earned by Plaintiffs.

27. Defendants only paid Plaintiffs the tip rate of $2.13 per hour for those hours which Defendants' recorded, even though Defendants deliberately deducted time worked pursuant to Defendants' uniform policy of altering Plaintiffs' time records.

28. Defendants did not pay Plaintiffs the tip rate for all hours worked in some workweeks.

## COLLECTIVE AND CLASS ALLEGATIONS

29. Plaintiffs brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated individuals who choose to opt-in.

4

30.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis for FLSA violations and unjust enrichment/quasi-contract claims, for Defendants' practice automatically time worked for failing to clock out, working its servers off-the-clock, requiring servers to perform non-tipped side work that exceeded 20% of hours worked in some workweeks, Defendant's practice of failing to accurately record all hours worked, and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

31.     Plaintiffs bring Count II, the unjust enrichment-quasi contract claim, as a Rule 23(b)(3) class action individually and on behalf of all servers who worked in Defendants' restaurants within the last six years who had time worked automatically deducted for failing to clock out in some workweeks pursuant to Defendants' policy.

32.     Plaintiffs' unjust enrichment/quasi-contract claim satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

33.     This class is believed to number in the hundreds. Accordingly, joinder of class members is impracticable.

34.     Class members may be informed of the pendency of this action via regular mail, email, social media, and posting of an approved notice in Defendants' restaurants.

35.     There are questions of fact and law common to the class under Tennessee state law that predominates over any questions affecting only individual members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the

5

following:

      (a)    Whether Defendant had a policy and practice of automatically deducting time worked for shifts where a server failed to clock out; and

      (b)    Whether Defendant was unjustly enriched by virtue of its policy and practices with respect to its servers' pay.

36. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

37. Plaintiffs' claims under state law are typical of those of their respective putative classes in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

38. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the classes.

39. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

40. Plaintiffs are adequate representatives of the classes because they are each a member of the classes they seek to represent and their interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel. Plaintiffs' counsel have extensive experience in the litigation of civil matters, including the prosecution of complex wage and hour,

employment, and collective action cases.

41. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 BROUGHT BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL OTHER INDIVIDUALS SIMILARLY SITUATED**

42. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

43. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

44. Defendants are is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

45. While Plaintiffs were employed by Defendants as a server in Defendants' restaurant, Plaintiffs were hourly employees who were entitled to minimum wages, pursuant to Section 206 of the FLSA.

46. Defendants did not allow Plaintiffs to record all hours worked in some

7

workweeks.

47. Defendants maintained a uniform time recording policy that automatically altered Plaintiffs' actual time records and reduced the actual time Plaintiffs actually worked, thereby reducing the compensation due Plaintiffs.

48. Plaintiffs were not paid minimum wage for all hours worked.

49. Defendants' illegal pattern and practice with respect to Defendants' written policy to automatically reduce Plaintiffs' time records, was and is in violation of the FLSA.

50. Although Defendants were required by the FLSA and promised to pay the tip rate of $2.13 per hour to Plaintiffs, Defendants failed to pay the tip rate for all hours worked in some workweeks.

51. Defendants' illegal pattern and practice with respect to requiring its servers to not record all time worked, was and is in violation of the FLSA.

52. Defendants' illegal pattern and practice with respect to requiring its servers to work more than 20% non-tipped work during some workweeks while only being paid the tip rate of $2.13, was and is in violation of the FLSA.

53. Defendants knew or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA.

54. Defendants knowingly, willfully, and/or with reckless disregard carried, and continue to carry, out this illegal pattern or practice.

55. Defendants' violations of Section 206 of the FLSA were willful.

56. Defendants' violations of Section 206 of the FLSA were not in good faith.

57. As a result of Defendants' failure to comply with Section 206 of the FLSA, Defendants are liable to Plaintiffs for back pay.

8

Case 3:14-cv-01397   Document 1   Filed 06/27/14   Page 8 of 12 PageID #: 8

58. While Plaintiffs were employed by Defendants, they were hourly employees who were entitled to overtime wages at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

59. While Plaintiffs were employed by Defendants, Plaintiffs worked more than 40 hours per work week during some workweeks, but were not paid overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a given workweek as required by Section 207 of the FLSA.

60. Defendants' violations of Section 207 of the FLSA were willful.

61. Defendants' violations of Section 207 of the FLSA were not in good faith.

62. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiffs for overtime back pay.

63. In addition to the amount of unpaid overtime wages owing to Plaintiffs, Plaintiffs are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

64. Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

65. In the course of perpetrating these unlawful practices, Defendant has also failed to keep accurate records of all hours worked by its employees in violation of 29 U.S.C. § 211(c) of the FLSA.

66. Plaintiffs are aware of other similarly situated employees and/or former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent pursuant to Section 216(b) of the FLSA. Specifically, Plaintiffs are aware of other employees of Defendants who worked as servers and who were required to work off-

the-clock, who had time worked automatically deducted for failing to clock out in some shifts, who were not paid minimum wage for all hours worked in some workweeks, and who were not paid overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during some workweeks.

67. All other employees who have worked for Defendants within the last three years and who have not been paid minimum wage for all hours worked and who have not been paid overtime wages for all hours worked over 40 during each work week are similarly situated to Plaintiffs and should be given notice of this lawsuit and the opportunity to join.

68. All other similarly situated employees are also entitled to damages in the form of back pay, liquidated damages, and attorney's fees.

WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

(a) Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

(b) Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

(c) Award Plaintiffs and all similarly situated employees pre-judgment and post- judgment interest as provided by law;

(d) Award Plaintiffs and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA; and

(e) Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

# COUNT II
## UNJUST ENRICHMENT-QUASI CONTRACT UNDER TENNESSEE COMMON LAW BROUGHT BY PLAINTIFFS ON BEHALF OF ALL OTHER INDIVIDUALS WHO DO NOT FILE CONSENTS

69. Defendants' automatic policy of deleting time worked by Plaintiffs and all other similarly situated individuals whenever a server failed to clock out at the end of a shift benefited Defendants.

70. Defendants were aware they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

71. Defendants' acceptance and retention of the benefit of the employees' unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Defendant and prays this Court:

(a) Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) Order Defendant to disgorge the value of its ill-gained benefits to Plaintiffs and all similarly situated employees;

(c). Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law; and

(d) Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## Consents

72. Pursuant to Section 216(b), attached hereto and filed with this Complaint are

Plaintiffs' Consents to Become Party Plaintiff.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Randall W. Burton
Randall W. Burton, #15393
144 Second Avenue, North
Suite 212
Nashville, Tennessee 37201
(615) 620-5838

Morgan E. Smith, #26601
144 Second Avenue, North
Suite 201
Nashville, Tennessee 37201
(615) 620-5848

*Attorneys for Plaintiffs*