# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHANNON BONER, DAVID PATTON and WESLEY MARSHALL, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DOJI, INC., d/b/a DEMOS' STEAK & SPAGHETTI HOUSE, and PETER DEMOS, <br><br> Defendants. | No. 3:14-cv-1397 <br><br> Judge Sharp/Knowles <br><br> Collective and Class Action <br> Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16(d)(1)b.2, plaintiffs Shannon Boner, David Patton, and Wesley Marshall, on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") and Doji, Inc. d/b/a Demos' Steak and Spaghetti House and Peter Demos (collectively "Defendants") submit this Proposed Initial Case Management Order.

1. **Status of Service of Process**: Service of process has not been pefected upon Deft Peter Demos
2. **Status of Responsive Pleadings**: One Defendant has not been served and no responsive pleadings have been filed.
3. **Jurisdiction**: The parties agree that the Court has jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1357.
4. (a) **Plaintiffs' Theory of the Case**: Plaintiffs were non-exempt hourly workers who worked for Defendants within the last three years as servers and are entitled to receive minimum wage at the applicable rate for each hour worked in accordance with Section

206 of the Fair Labor Standards Act ("FLSA") and overtime pay at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek in accordance with Section 207.  Defendants promised to pay Plaintiffs the minimum tip rate of $2.13 for every hour worked in lieu of the minimum rate of $7.25 per hour mandated by the FLSA. To satisfy Defendants' obligation to pay the plaintiffs a minimum wage, Defendants' elected to take a tip credit from Plaintiffs' tips.

During the relevant time period, Defendants maintained a uniform policy at all of its restaurants that either manually or automatically altered an employee's time records from the actual time worked to only a few minutes for any employee who did not clock out at the end of a shift (the "uniform policy"). Defendants regularly applied the uniform policy to each Plaintiff during numerous workweeks, reducing the Plaintiffs' time worked from many hours to only a fraction of an hour, therefore Plaintiffs were not regularly credited for all time worked in some workweeks. Accordingly, Defendants did not pay Plaintiffs the minimum wage for all hours worked in some workweeks, and did not pay the overtime premium for all hours worked over 40 in those workweeks.  Defendants also did not pay the tip rate to Plaintiffs for all hours worked in some workweeks, therefore Defendants were not entitled to take any tip credit for any hours during those workweeks in which Plaintiffs worked any uncompensated time.

Named plaintiffs are aware of other similarly situated servers of Defendants who were not paid for all time worked and did not receive the required overtime compensation.  Plaintiffs and all other similarly situated employees are entitled to back pay in the form of backpay, return of the tip credit, overtime pay, and any unpaid hours worked.  Plaintiffs are entitled to liquidated damages pursuant to Section 21b(b) of the FLSA.  Defendants' violations of the FLSA were

willful, entitling Plaintiffs to the benefit of a three-year statute of limitations. Plaintiffs are entitled to statutory attorney's fees pursuant to the FLSA, and the costs of this cause.

Court-supervised notice should be sent to all current and former servers who worked within the last three years so that they may have the opportunity of joining this lawsuit by filing consents in accordance with Section 216(b) of the FLSA and seek all damages sought by Plaintiffs.

Plaintiffs also bring an unjust enrichment-quasi contract claim, as a Rule 23 class action on behalf of themselves and all similarly situated employees who worked as servers in any of the Defendants' Tennessee restaurants within the last six years. Plaintiffs' allege that the unjust enrichment-quasi contract claim satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23. Court-supervised notice should be sent to all current and former servers who worked as a server within the last six years and was not paid the promised wage due to Defendants' uniform policy.

(b) **<u>Defendants' Theory of the Case</u>**:

Demos' employees are paid in full compliance with the FLSA, and they are paid for all time which they work. Demos' employees are not similarly situated to each other with respect to the allegations in Plaintiffs' complaint, and therefore they are not proper class representatives and conditional certification is inappropriate. Two of the named Plaintiffs, Patton and Marshall, have already accepted offers of judgment in this case, and therefore, they are not proper class representatives, or even parties in this case. Mr. Boner's claim was rendered moot by an offer of judgment that, if accepted, would have provided him with complete relief. Therefore, his claims should be dismissed prior to any conditional certification. Contrary to Plaintiffs' allegations,

9
N BHB 1403514 v1
2906228-000025  08/22/2014

Defendants were not unjustly enriched.  Plaintiffs have unclean hands.  They intentionally shaved their own time for their own personal gain, so that they could work more shifts and earn additional tips.

5. **Identification of Issues**: The following issues have been resolved: None.

6. **Need for Additional Claims**:  At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, or joinder of parties or claims, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure. Plaintiffs may move to amend their Complaint in accordance with the Federal Rules of Civil Procedure, if appropriate, following some discovery. The deadline for filing motions to amend the pleadings is **October 31, 2014.**

7. **Court Supervised Notice and Opt-In Procedure**:  Plaintiffs shall file a motion for Court-Supervised Notice by **October 31, 2014**.  Any response will be filed within thirty (30) days of the filing of Plaintiffs' Motion.  Any reply, if necessary, shall be filed within fourteen (14) days of the filing of Defendants' response.

8. **Rule 26(a)(1) Disclosures**: The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

9. **Other Pretrial Discovery Matters**: Discovery shall be bifurcated in this case so that the issue of the appropriateness of a purported collective action is determined before class-wide discovery is permitted.  The discovery schedule will be as follows:

(a). Discovery regarding the Plaintiff's allegation of a class and collective action shall be completed by **January 30, 2015**.  All discovery motions regarding class and collective

treatment shall be filed by **March 2, 2015**. All written discovery shall be submitted in sufficient time so that the response may be submitted by the discovery cutoff.

 (b) All other fact discovery in this matter shall be completed by **August 28, 2015.** All discovery motions shall be filed by **September 30, 2015**. All written discovery shall be submitted in sufficient time so that the response may be submitted by the discovery cutoff.

 10. **Expert Witnesses**: On or before **May 29, 2015**, the party bearing the burden of proof on an issue shall declare to the other parties (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

 On or before **June 30, 2015**, the parties shall provide to the other parties (not to file with the Court) rebuttal expert witness reports containing all the information specified in rule 26(a)(2)(B).

 Any supplements to expert reports shall be filed on or before **July 30, 2015**.

 All expert depositions shall be completed by **August 28, 2015**.

 11. **Electronic Discovery**: Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in accordance with Administrative Order No. 174, unless and until the parties agree to a separate Stipulated Protocol for Discovery of Electronically Stored Information.

 12. **Dispositive Motion Deadlines**: Dispositive motions and motions for decertification, if applicable, shall be filed on or before **February 29, 2016**. Responses to dispositive motions shall be filed within **30 days** after service. Optional replies, shall be filed within **14 days** after service of the response, and leave of Court shall not be required for replies

to dispositive motions. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

13. **Pretrial Conference and Deadlines**: The Pretrial Conference is set for July \_\_\_\_\_ \_\_\_\_11, 2016, at 1:30 p.m .

14. **Trial Date and Length**: The trial is expected to last three to five days. The jury trial is set for July 26, 2016, before Judge Sharp.

15.

It is so ORDERED.

Entered _____, 2014.

_____
Honorable E. Clifton Knowles
United States Magistrate Judge